UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Alan Wessels, | Case No. 23-CV-1266 (WMW/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Houden, | |
| Respondent. | |

Petitioner Michael Alan Wessels,[1] a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Sandstone, Minnesota, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate transfer to prerelease custody. He claims that he is entitled to such a transfer based on his accumulation of time credits under the First Step Act of 2018 ("FSA"). (*See* Dkt. 1 at 3.) He also moves for a preliminary injunction seeking the same relief pending the resolution of the habeas petition. (*See* Dkt. 6 at 1.) The habeas petition is now before the Court for review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S.

---

[1] Wessels identifies himself as Michael Alan Wessels in his petition. But he attaches an exhibit referring to a prisoner named Alan Michael Wessels. (*See* Dkt. 1-1.) The latter name matches public Bureau of Prisons records for the prisoner Register Number on Wessels's petition. *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc (last accessed June 16, 2023). Thus, despite the name discrepancy, there is no doubt as to the identity of the Petitioner in this matter.

District Courts (the "Rules Governing § 2254 Cases").[2] This Court recommends denying the petition and dismissing this action under Rule 4.

A habeas petition is used to challenge "the fact or duration of . . . physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citing *Preiser*). This limitation is jurisdictional. *See id.* ("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."); *see also, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 469–71 (8th Cir. 2014) (finding no habeas jurisdiction because prisoner did "not challenge his conviction, nor [did] he seek a remedy that would result in an earlier release from prison"). The existence of habeas jurisdiction thus turns on the "substance of the relief sought." *Kruger*, 77 F.3d at 1073.

The Court has no habeas jurisdiction in this matter because the only relief that Wessels seeks is a transfer to prerelease custody.[3] Prerelease custody is part of a term of imprisonment. *See* 18 U.S.C. § 3624(c)(1) (providing that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the

---

[2] Wessels brings his petition under 28 U.S.C. § 2241, but the Rules Governing § 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

[3] Prerelease custody may consist of home confinement or placement in a residential reentry center ("RRC"). *See* 18 U.S.C. § 3624(g)(2).

final months *of that term*" in prerelease custody (emphasis added)); *Spang v. Eischen*, No. 22-CV-1294 (WMW/LIB), 2023 WL 3495406, at *3 (D. Minn. May 17, 2023) ("Courts consistently address home confinement as a place of imprisonment."); *Parish v. Marques*, No. 19-CV-1038 (NEB/TNL), 2019 WL 5654047, at *5 (D. Minn. Sept. 13, 2019) ("[W]hile Petitioner may not be physically confined in a prison, Petitioner's prerelease RRC placement is part of his prison term, not his supervised release."), *R. & R. adopted*, 2019 WL 5624485 (D. Minn. Oct. 31, 2019). A "legal action seeking transfer from one form of BOP custody to another (like a legal action seeking transfer from one BOP facility to another) is not a challenge to the fact or duration of confinement." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022). Because Wessels challenges only his placement and not the fact or duration of his confinement, his claim is not cognizable in a habeas petition. *See, e.g.*, *Spencer*, 774 F.3d at 469–70; *Spang*, 2023 WL 3495406, at *4.

Where a pro se federal prisoner seeks relief that is not available through a habeas petition but raises a potentially viable Eighth Amendment claim, the district court, rather than dismissing the habeas petition, should invite the petitioner to convert the claim into a civil action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Spencer*, 774 F.3d at 471. Such treatment is not appropriate here because Wessels does not raise a potentially viable civil claim. Wessels's own exhibits show that he is not eligible for transfer to prerelease custody. He submits a BOP sentence computation indicating that his statutory release date, after accounting for good conduct time, is June 1, 2026. (*See* Dkt. 1-1 at 1.) He also submits an FSA time credit

3

assessment indicating that, as of March 25, 2023, he had earned a total of 735 time credits. (*See id.*) After applying 365 of these credits to advance his commencement of supervised release by the maximum of one year, *see* 18 U.S.C. § 3624(g)(3), his projected release date is June 1, 2025. (*See* Dkt. 1-1.) 370 credits thus remain available for application toward prerelease custody.[4] Even assuming that he continues to earn additional time credits at a rate of 15 days per month, his FSA time credits are not yet "equal to the remainder of [his] imposed term of imprisonment," and therefore he is not eligible to apply his FSA time credits toward prerelease custody. *See* 18 U.S.C. § 3624(g)(1)(A). Because Wessels's claim to relief is not viable, it would be futile to invite him to convert this habeas petition into a civil action. Accordingly, this Court recommends that the petition be dismissed without prejudice.

"In view of the Court's recommendation for dismissal, the Court also recommends denial of [Wessels's] request for preliminary injunction as moot." *Taylor v. Fikes*, No. 20-CV-1364 (PJS/ECW), 2022 WL 18584395, at *21 (D. Minn. Dec. 2, 2022), *R. & R. adopted*, 2023 WL 1477839 (D. Minn. Feb. 2, 2023).

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

    1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **DENIED**;

    2. The Motion for Preliminary Injunction (Dkt. 6) be **DENIED**; and

---

[4] Wessels appears to overlook the fact that the projected release date of June 1, 2025, assumes the application—and consumption—of 365 of his FSA time credits. (*See* Dkt. 1 at 3.)

      3.      This matter be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 22, 2023                                   *s/Elizabeth Cowan Wright*
                                                                 ELIZABETH COWAN WRIGHT
                                                                  United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).