UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Alan Wessels, | Case No. 23-cv-1266 (WMW/ECW) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Warden Houden, | |
| Respondent. | |

This matter is before the Court on the June 22, 2023 Report and Recommendation ("R&R") issued by United States Magistrate Judge Elizabeth Cowan Wright. (Dkt. 7.) The R&R recommends that Petitioner Michael Alan Wessels's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be denied. Petitioner Michael Alan Wessels timely objects to the R&R. (Dkt. 8.) For the reasons addressed below, the Court overrules Wessels's objections and adopts the R&R.

## BACKGROUND

Petitioner Michael Wessels is serving a 276-month sentence after pleading guilty to four offenses: Conspiracy to Possess with Intent to Distribute Controlled Substances; Death Caused by Use of a Firearm During a Crime of Violence; Tampering with a Witness; and Obstruction of Justice. His projected release date is June 1, 2025. Wessels seeks habeas relief under 28 U.S.C. § 2241, contending that he is eligible for a transfer to pre-release custody. The magistrate judge issued an R&R, recommending dismissal of the case because the Court lacks habeas jurisdiction in this matter and Wessels's claim is meritless.

Wessels makes two objections to the R&R. First, Wessels argues that the Court has habeas jurisdiction because his request to be transferred to pre-release custody is a "quantum change in the level of custody" and, therefore, implicates the fact or duration of his confinement. (Dkt. 8 at 3.) Second, Wessels contends that he is entitled to a transfer to pre-release custody because he has earned enough time credits under the First Step Act of 2018 ("FSA"). *Id.* at 4. As of the filing date of Wessels's petition, he has accrued 735-time credits. (Dkt. 1-1.) He argues that 365 of those time credits advance the commencement of his supervised release and that the remaining 370 time credits apply toward his pre-release custody. For the remainder of his sentence that is not covered by his earned time credits, Wessels contends that the Bureau of Prisons ("BOP") must include his projected earned time credits when the BOP considers his pre-release custody transfer date. If the BOP accounted for his projected earned time credits, Wessels contends, he would be eligible for immediate pre-release custody, because he would accrue enough time credits between the filing date of the petition and his estimated release date, June 1, 2025.

**ANALYSIS**

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must address the portions of the magistrate judge's report and recommendation to which objections are made and offer a basis for the objections. *Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 704 (D. Minn. 2015), *aff'd*, 652 F. App'x 479 (8th Cir. 2016).

The Court reviews for clear error any objections that restate arguments that were made to and considered by the magistrate judge. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. Mar. 30, 2015). In doing so, the Court does not consider evidence that was not submitted to the magistrate judge for consideration. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Absent specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Wessels is self-represented, the Court liberally interprets his objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Wessels raises two objections that were considered by the magistrate judge. Accordingly, this Court conducts a clear error review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

A habeas petition is used to challenge "the fact or duration of . . . physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citing *Preiser*, 411 U.S. at 498). This limitation is jurisdictional. *See id.* ("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."); *see also, e.g., Spencer v. Haynes*, 774 F.3d 467, 469–71 (8th Cir. 2014) (finding no habeas jurisdiction because prisoner did "not challenge his conviction, nor [did] he seek a remedy that would result in an earlier release from prison"). Pre-release custody is not release from custody. Rather

3

it is merely one form of BOP custody.[1] *Spang v. Eischen*, No. 22-cv-1294 (WMW/LIB), 2023 WL 3495406, at *3 (D. Minn. May 17, 2023) ("Courts consistently address home confinement as a place of imprisonment."); *see also United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) ("Because these statutes give authority to place a prisoner in home confinement to the Director of the BOP, not the district court, the district court correctly held that it did not have authority to change Houck's place of imprisonment to home confinement under [18 U.S.C.] § 3624(c)(2).") Accordingly, a legal action seeking pre-release custody is not a challenge to "the fact or duration of . . . confinement." *Preiser*, 411 U.S. at 498.

Wessels's first objection disputes the determination that the Court does not have habeas jurisdiction over his request for the BOP to immediately transfer him to pre-release custody. But pre-release custody is part of an individual's term of imprisonment. Pre-release custody is merely a change in the designation of imprisonment. As the R&R correctly concluded, this Court does not have habeas jurisdiction because Wessels did not raise a question of fact or duration of confinement.

Wessels's second objection is that the Court failed to account for his projected time credits when considering the merits of his claim. Wessels does not dispute that, as of the date of his petition, he does not have enough earned time credits to be transferred to pre-release custody. However, Wessels argues that the BOP should account for his *projected* time credits in determining when he should be transferred to pre-release custody. The logic

---

[1] Pre-release custody may consist of home confinement or placement in a residential reentry center. *See* 18 U.S.C. § 3624(g)(2).

of Wessels's argument is that, if he continues to accrue time credits while in pre-release custody and those time credits apply only toward pre-release custody, then the time credits would be useless because he would already be in pre-release custody. Wessels maintains that the FSA could not have intended to allow inmates to accrue earned time credits that they could not use. However, Wessels's argument is not based in law. The statute governing the application of time credits toward pre-release custody, 18 U.S.C. § 3632(d)(4)(A), is silent as to the use of time credits earned while in pre-release custody.[2] Because Wessels does not present a viable claim for relief, the R&R correctly declined to invite him to convert his habeas petition into a civil action.

Having carefully reviewed the R&R, the Court finds no clear error and adopts the R&R. The Court, therefore, denies the Petition and dismisses this action.

Additionally, because the Court dismisses the habeas petition, Wessels's motion for a preliminary injunction is denied as moot.

---

[2] The BOP similarly does not include any guidance regarding the usage of projected time credits. First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), Federal Bureau of Prisons (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn.pdf.

**ORDER**

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Michael Alan Wessels's objections to the June 22, 2023 Report and Recommendation, (Dkt. 8), are **OVERRULED**;

2. The June 22, 2023 Report and Recommendation, (Dkt. 7), is **ADOPTED**;

3. Petitioner Michael Alan Wessels's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**; and

4. Petitioner Michael Alan Wessels's Motion for Preliminary Injunction, (Dkt. 6), is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 31, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge